UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | | |
|---|---|---|
| **AU-LIONNE N. AGATAKO** | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | Civil Action No.: _____ |
| | ) | |
| | ) | |
| **MORGAN & MORGAN** | **)** | |
| **BOSTON, PLLC;** | ) | |
| Defendant. | ) | |
| | ) | |

INTRODUCTION

Plaintiff Au-Lionne N. Agatako ("Plaintiff") was employed as a litigation paralegal in Morgan & Morgan Boston, PLLC's ("Defendant") Boston office. On March 5, 2026, Plaintiff submitted a formal complaint to Human Resources and firm leadership reporting discrimination, harassment, and hostile work environment. Twenty-four minutes later, she was terminated. Plaintiff has satisfied all administrative prerequisites to suit.

PARTIES

1. Plaintiff Au-Lionne N. Agatako is an individual residing in Massachusetts.

2. Defendant Morgan & Morgan Boston, PLLC is a law firm doing business in Massachusetts with an office located at 155 Federal Street, Boston, MA.

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII.

4. Venue is proper in this District since Plaintiff and Defendant are located there.

5. On March 26, 2026, the EEOC issued a Notice of Right to Sue. Plaintiff timely files this action within ninety (90) days of receipt of that Notice.

FACTUAL ALLEGATIONS

6. Plaintiff was employed by the Defendant as a litigation paralegal beginning on June 16, 2025.

7. She worked on a team led by Attorney Nicholas A. Brown.

8. Attorney Nicholas A. Brown engaged in repeated, unwelcome, and gendered conduct.

9. On one occasion in early January 2026, while in his office and as Plaintiff sat taking notes, Brown instructed her to "put your shoulders back," an inappropriate and unwelcome comment directed at her physical appearance and posture.

10. On another occasion in January 2026, Brown directed Plaintiff to come closer to view his computer screen. When she complied, he referred to her as "honey," an unwelcome and inappropriate comment that caused her to retreat and feel extremely uncomfortable.

11. On one occasion during this same timeframe, while on a Zoom call, Brown instructed Plaintiff to turn on her camera and stated, "I want to see your face," in a manner that was unwelcome and made her uncomfortable.

12. On January 28, 2026, Plaintiff was placed on a pretextual Performance Improvement Plan consisting of six highly technical, deadline-driven objectives, along with newly imposed roles and responsibilities.

13. The PIP inaccurately asserted that Plaintiff failed to submit Andrew Hardistry's mediation memorandum until one day before its deadline; in reality, Plaintiff never submitted such a document and was never required to.

14. Over the two months leading up to her termination, Plaintiff repeatedly sought guidance from Brown on how to improve her performance. Brown consistently responded with statements such as "you need to show me," and, when pressed for clarification, would only say "you need to figure it out." These comments were vague, unhelpful, and, in context, carried an inappropriate and uncomfortable subtext.

## C. Protected Activity and Immediate Termination

15. On March 5, 2026, at approximately 2:12 PM, Plaintiff submitted a formal written complaint reporting discrimination, harassment, and retaliation to firm leadership via email, stating: "I am writing to formally submit a complaint that Nicholas A. Brown retaliated against me. I have attached a brief memorandum in support of my claim for your review." The complaint and accompanying memorandum was sent by email directly to Dillon Brozyna, Garrett Lee, Ryan Lang, and D'Lynn Larson via their official work email addresses.



Exhibit 1

16. The email included an attached five-page memorandum that cited and quoted Title VII,

detailed instances of demeaning and inappropriate conduct, and quoted relevant

provisions of Morgan & Morgan's employee handbook addressing sexual discrimination.



[…]

In conclusion, I am submitting this formal claim of retaliation in accordance to Morgan and Morgan handbook that, "Any employee or non-employee who is subject to, witnesses, or becomes aware of potential instances of prohibited discrimination or harassment, including sexual harassment or retaliation, or has been subjected to behavior that may constitute as prohibited discrimination or harassment, including sexual harassment or retaliation, is required to report such behavior to Human Resources. A prompt investigation will be conducted of each, and every complaint and appropriate action will be taken. (Page. 27).

Thank you,

Au-Lionne N. Agatako.

Exhibit 2

17.   At approximately 2:36 PM—just twenty-four minutes later—Plaintiff was terminated via email sent by D'Lynn Larson, a recipient of the formal complaint and memorandum.



Exhibit 3

18.  That email contained a formal termination notice signed by Larson on that same date.



**MORGAN & MORGAN**

March 5, 2026

Au-Lionne Agatako

Dear Auly,

This letter is to outline the details surrounding your separation with our firm and details post-employment.

All benefits associated with your position will cease as of your separation date – Thursday, March 6, 2026. Your termination is classified as an Involuntary Termination.

Please keep in mind that you are bound by our confidentiality policy set forth in the Employee Handbook. Any information that you received during your employment must be kept confidential.

You are entitled to payment for all hours worked through your termination date. Your payment will be sent by direct deposit. Post-employment documents will be provided to you, including COBRA health insurance continuation information, 401(k), and your W2. Please make sure that your home address and personal information is fully updated with Human Resources to ensure timely delivery of such items. To discuss a 401(k) rollover, please contact Empower at 1-833-529-4015.

We wish you the best with your future endeavors.

Sincerely,

D'Lynn Larson
Regional HR Manager

Exhibit 4

CLAIMS

COUNT I – RETALIATION (Title VII)

19.  Plaintiff engaged in protected activity by reporting her supervisor for hostility, demeaning conduct, and sexual harassment in the workplace.

20.  Defendant terminated her immediately thereafter.

21.  The termination was causally connected to her protected activity.

COUNT II – SEX DISCRIMINATION / HOSTILE WORK ENVIRONMENT

22. Plaintiff was subjected to unwelcome conduct based on her sex.

23. The conduct was severe or pervasive and made her extremely uncomfortable.

COUNT III – UNLAWFUL TERMINATION

24. Plaintiff's termination was unlawful and discriminatory.

## DAMAGES

25. Plaintiff has suffered lost wages and benefits, emotional distress, reputational harm, and loss of career advancement.

26. Defendant's conduct warrants punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Compensatory damages

b. Punitive damages

c. Attorneys' fees and costs

d. Such other relief as the Court deems just

## JURY DEMAND

Plaintiff demands a trial by jury.

**Respectfully submitted,**

The Plaintiff,

**AU-LIONNE N. AGATAKO**

By

**Joseph Resnek, BBO# 704525**
**PO BOX 505438**
**Chelsea, MA 02150**
**(617) 461-3462**
**AttorneyJoeResnek@gmail.com**

DATED: April 17, 2026